# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| ANDREW MARTINEZ ) | |
| ) | CASE NO.: |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT AND JURY DEMAND** |
| ROBERTS SINTO CORPORATION D/B/A ) | |
| SANDMOLD SYSTEMS, INC. and/or ) | |
| SANDMOLD SYSTEMS, INC. ) | |
| 150 Orchard Street ) | |
| Grand Ledge, MI 48837 ) | |
| SERVE: JOHN M. NUFFER ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

COMES NOW, Plaintiff Andrew Martinez, by and through counsel, Grant Gorman, Aaron Sachs & Associates, P.C., who states as follows:

## **PARTIES**

1. Plaintiff, Andrew Martinez, ("Mr. Martinez") is an adult individual residing at 1026 W. Norton Road, Apt. 530, Springfield, MO, within the Western District of Missouri.

2. Upon information and belief, defendant Roberts Sinto Corporation d/b/a Sandmold Systems, Inc. and/or Sandmold Systems, Inc. ("Sandmold") is a Michigan corporation, with a principal place of business located at 313 West State Street, Newaygo, MI and registered agent at 150 Orchard Street, Grand Ledge, MI, which regularly conducts business in the state of Missouri.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this claim under 28 U.S.C. § 1332(a)(1), because Plaintiff and defendants are citizens of different states, and the amount in controversy exceeds $75,000.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTS

5. Upon information and belief, defendant Sandmold designed and manufactured a Battery Paste Preparation system and all component parts, including, *inter alia*, a Negative Mud Mixer ("Paste Mixing System").

6. Upon information and belief, NorthStar Battery Company LLC, ("NorthStar"), located at 1320 N. Alliance Avenue, Springfield, Missouri, purchased the Paste Mixing System from defendant Sandmold in or around March 2008.

7. Upon information and belief, defendant Sandmold installed the Paste Mixing System at NorthStar in or around March 2008.

8. At all relevant times, Mr. Martinez was an employee of NorthStar.

9. On or about October 1, 2018, Mr. Martinez was assisting a co-employee in the operation of the Negative Mud Mixer portion of the Paste Mixing System.

10. Mr. Martinez opened the door to the Negative Mud Mixer's discharge area in order to scrape product from the interior edge of the mixer to prepare the system for another batch of product.

11. While in the midst of doing so, a vertical scraper inside the Negative Mud Mixer, traveling along the inside wall of the mixing bowl, moved past the door opening and severed Mr. Martinez's right hand.

12. As a direct and proximate result of defendant Sandmold's defective product, as will be discussed in detail below, Mr. Martinez suffered and continues to suffer:

   a. Serious, debilitating, painful personal injuries resulting in permanent disability and disfigurement, including but not limited to the traumatic amputation of his right hand;

   b. Hospitalization, invasive medical procedures;

   c. Past, present and future pain, suffering, humiliation, embarrassment, and emotional and mental distress;

   d. Past, present and future medical expenses;

   e. Past, present and future lost wages and earning capacity;

   f. Attorney fees and legal costs; and

   g. Any and all other injuries and damages found to be appropriate by the trier of facts.

## COUNT I – STRICT PRODUCT LIABILITY

**Andrew Martinez v. Roberts Sinto Corporation d/b/a Sandmold Systems, Inc. and/or Sandmold Systems, Inc.**

13. Plaintiffs hereby re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

14. At all relevant times, the Paste Mixing System, including the Negative Mud Mixer, was designed, manufactured, sold and placed into the stream of commerce by defendant Sandmold to NorthStar on or around October 1, 2018.

15. At all relevant times herein, the Paste Mixing System was in the same or similar condition as it was at the time of its sale and distribution by defendant Sandmold; alternatively,

any changes therein were foreseeable and did not constitute a material alteration of the Paste Mixing System, which was then and there defective and unreasonably dangerous as alleged below.

16. The Paste Mixing System, including the Negative Mud Mixer, was at all relevant times being used in a manner that was or should have been reasonably anticipated at the time it was designed, manufactured and sold.

17. The aforesaid incident, injuries, and damages set forth by Plaintiff were proximately caused by and were within the scope of defendant Sandmold by carelessly and negligently undertaking its duties and responsibilities as stated herein; and said injuries and damages arose from the same general types of danger that the defendant should have taken reasonable steps to avoid.

18. The Paste Mixing System was unreasonably dangerous and defective in design and manufacture in one or more of the following respects, pursuant to § 537.760 R.S. M.O.:

   a. Manufacturing, designing, selling, supplying, advertising, marketing, installing, and/or distributing the Paste Mixing System in a defective condition;

   b. Manufacturing, designing, selling, supplying, advertising, marketing, installing, and/or distributing the Paste Mixing System, which was unreasonably dangerous to the intended end-users, including Mr. Martinez;

   c. Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Paste Mixing System when it was not reasonably fit, suitable or safe for its intended and represented purposes;

   d. Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing Paste Mixing System, when it lacked inexpensive and necessary safety features to protect intended end-users, including Mr. Martinez;

   e. Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Paste Mixing System, when it lacked necessary, proper and/or adequate warnings;

f. Manufacturing, designing, selling, supplying advertising, marketing and/or distributing the Paste Mixing System, which when used properly would cause serious injury to end-users, including Mr. Martinez;

g. Manufacturing, designing, selling, supplying, advertising, marketing, installing, and/or distributing the Paste Mixing System, which failed to incorporate adequate guards or safeguards to effectively protect intended end-users, such as Mr. Martinez, from accessible pinch, crush, and other hazardous points;

h. Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Paste Mixing System, which lacked adequate warnings regarding dangerous accessible point of operating hazards;

i. Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Paste Mixing System, which lacked an access door to the Negative Mud Mixer equipped with an interlock device to safely cease operation when the access door was opened;

j. Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Paste Mixing System, which lacked an access door to the Negative Mud Mixer equipped with an effective locking mechanism to prevent inadvertent contact with motion hazards;

k. Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Paste Mixing System, which lacked an access door to the Negative Mud Mixer equipped with a method to adequately warn of the danger related to motion hazards of the machine; and

l. Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Paste Mixing System, which lacked an access door to the Negative Mud Mixer that lacked a motion hazard safeguarding device to prevent operation of the machine if users entered the hazardous area.

19. As a direct and proximate result of defendant Sandmold's defective product, the Paste Mixing System, Mr. Martinez suffered and continues to suffer as described in further detail in paragraphs 11-12, *supra*.

WHEREFORE, Plaintiff Andrew Martinez respectfully requests this Court award damages to Plaintiff exceeding $75,000, excluding attorney fees and costs, and grant any other relief it deems equitable under the circumstances, and as made and provided pursuant to Missouri law.

### COUNT II – NEGLIGENCE

**Andrew Martinez v. Roberts Sinto Corporation d/b/a Sandmold Systems, Inc. and/or Sandmold Systems, Inc.**

20. Plaintiffs hereby re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

21. Defendant Sandmold owed a duty of care to Mr. Martinez to manufacture, design, produce, sell, supply, advertise, market, install and/or distribute a reasonably safe product.

22. Defendant Sandmold breached this duty and was negligent in its failure to equip the Paste Mixing System, specifically the Negative Mud Mixer, with adequate guarding to prevent from contact with motion hazards during the normal and foreseeable use of the machine.

23. Defendant Sandmold was negligent with respect to the Paste Mixing System in the following ways:

    a. Allowing direct access to hazardous pinch and crush points formed within the point of operation in or around the Negative Mud Mixer portion of the Paste Mixing System;

    b. Failing to provide adequate guarding to prevent direct access to the hazardous pinch and crush points formed within the point of operation of the Negative Mud Mixer;

    c. Creating excessive openings that unnecessarily expose workers to points of operation hazards;

    d. Failing to incorporate adequate guards or safeguards to effectively protect workers from accessible pinch and crunch points while operating the Paste Mixing System;

e. Failing to incorporate adequate point of operation guards or safety devices that prevent workers from reaching hazardous rotating machine components;

f. Failing to provide adequate warnings about accessible point of operation hazards;

g. Failing to advise end-users about the potential for serious injuries due to accessible, unguarded pinch and crush points;

h. Failing to provide interlocks or appropriately functioning sensor guarding to prevent the Paste Mixing System's rotating parts when a worker's hands are near the hazard point while operating the same;

i. Failing to recognize foreseeable hazards associated with the absence of guards, interlocks, emergency-stops, foreign-object sensors on the Paste Mixing System's Negative Mud Mixer;

j. Failing to fit-out the Paste Mixing System's Negative Mud Mixer with adequate guards, interlocks, and foreign object sensors;

k. Failing to develop, publish, and enforce procedures for the safe operation and use of the Paste Mixing System's Negative Mud Mixer;

l. Failing to provide appropriate and adequate warnings, instructions, and labels warning of the dangers associated with operation and use of the Paste Mixing System's Negative Mud Mixer;

m. Failing to ensure that any warnings or labels on the Paste Mixing System's Negative Mud Mixer were clearly displayed and visible at all times;

n. Failing to design and equip the Paste Mixing System's Negative Mud Mixer with reliable and defect free foreign object sensors to detect the presence of a foreign object inside the same; and

o. Failing to install and/or ensure that integral, non-removable guards were on the Paste Mixing System's Negative Mud Mixer.

24. Defendant Sandmold's negligence with respect to the Paste Mixing System was the proximate cause of some or all of Mr. Martinez's injuries and damages.

25. The aforesaid incident, injuries and damages set forth by Plaintiff hereafter were proximately caused by and were within the scope of defendant Sandmold by carelessly and negligently undertaking its duties and responsibilities as stated herein; and said injuries and

damages arose from the same general types of danger that the defendant should have taken reasonable steps to avoid.

26. As a direct and proximate result of defendant Sandmold's defective product, the Paste Mixing System, Mr. Martinez suffered and continues to suffer as described in further detail in paragraphs 11-12, *supra*.

WHEREFORE, Plaintiff Andrew Martinez respectfully requests this Court award damages to Plaintiff exceeding $75,000, excluding attorney fees and costs, and grant any other relief it deems equitable under the circumstances, and as made and provided pursuant to Missouri law.

**AARON SACHS & ASSOCIATES, P.C.**

*/s/ Grant Gorman*
GRANT GORMAN #43874
3271 East Battlefield Road, Suite 350
Springfield, MO 65804
Ph. (417) 889-1400 Fax (417) 889-5359
grant@autoinjury.com
Attorney for Plaintiff