## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

ANDREW MARTINEZ,                            )
                                            )
        Plaintiff,                  )
                                            )
    v.                                      )     No. 21-03009-CV-S-DPR
                                            )
ROBERTS SINTO CORPORATION,                  )
                                            )
        Defendant.                  )

## ORDER

Before the Court is the Motion to Quash Subpoena filed by NorthStar Battery Company, LLC ("NorthStar"), a non-party. (Doc. 58.) Pursuant to Federal Rule of Civil Procedure 45, NorthStar moves to quash the subpoena served to it by Defendant on or about November 19, 2021. (Doc. 48.) The subpoena directed the corporate designee of NorthStar to appear and testify at deposition on December 7, 2021, at 11:00 a.m. and to bring with them all documents listed in schedule A attached to the Notice. NorthStar also moves for its attorney fees and costs related to the motion. On December 3, 2021, the Court stayed any deposition while the motion was pending. Defendant filed Suggestions in Opposition to the motion and NorthStar filed a Reply in Support of the motion. (Docs. 65, 67.) Additionally, Plaintiff joined in the motion. (Doc. 63.) Upon review, the motion will be DENIED.

Under Rule 45(d)(3)(A)(iv), the Court must quash a subpoena where compliance would subject a person to undue burden. "In evaluating a subpoena, the Court must balance the relevance of the discovery sought, the requesting party's need, and the potential hardship of the party subject to the subpoena." *Glass v. S & M Nutec, LLC*, Case No. 06-0853-CV-W-GAF, 2007 WL 9718127 at \*2 (W.D. MO. July 5, 2007).

NorthStar argues that it will suffer undue burden and expense if its corporate designee is required to appear. Specifically, NorthStar states that in August 2021, Defendant conducted depositions of seven current and former members of NorthStar management. NorthStar asserts it cooperated with Defendant in scheduling those depositions without subpoenas or witness fees. NorthStar also voluntarily produced 1873 pages of documents and helped arrange the deposition in September 2021, of an eighth person who formerly worked for NorthStar. NorthStar claims the topics listed in Schedule A attached to the subpoena "mirror[] topics repeatedly and extensively covered during the eight (8) August and September 2021 depositions."

Thus, NorthStar contends that the request for a corporate designee deposition is overbroad, duplicative, unduly burdensome, and expensive, as the depositions would likely involve its employee(s) covering the same topics addressed in their previous deposition(s) and would require review of the aforementioned 1873 pages of documents in preparation.

Defendant responds that the topics proposed for the deposition are relevant and necessary to its defense. Specifically, in this product liability action, Defendant asserts it needs to know the position of Plaintiff's employer, who was responsible for his training on the product at issue and who modified the product at issue. Defendant further claims some of the witnesses were unable to provide certain information and were testifying in their personal capacity and not on behalf of NorthStar. Defendant also argues NorthStar has made only bare assertions as to the burden of complying, which is insufficient, and that the burden of the deposition is proportional to the stakes of this case.

In this matter, the Court recognizes the imposition of requiring one of NorthStar's employees to appear for deposition, possibly for a second time. However, although eight of NorthStar's employees/former employees were deposed previously, those persons appear to have

been deposed as individuals on their own behalf, and not on behalf of NorthStar.  As such, the burden on NorthStar, the entity, is no greater than that imposed on any subpoenaed witness.  Also, per Rule 30, the deposition will be limited to one day of no more than seven hours, and NorthStar itself notes that its offices are only seven miles away from defense counsel's offices.  Further, NorthStar has not provided a sufficient basis as to why compliance would be overly burdensome.  Under these circumstances, the Court concludes that requiring compliance with the subpoena would not subject NorthStar to any undue burden, and certainly not a burden that outweighs the relevance of the discovery sought or Defendant's need for it.

Accordingly, for the reasons set forth in Defendant's response, the Motion to Quash Subpoena is **DENIED**.  Furthermore, the discovery deadline is extended until January 20, 2022, for the sole purpose of allowing Defendant to depose the corporate designee of NorthStar.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: January 3, 2022