# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDREW MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-03009-CV-S-DPR |
| | ) | |
| ROBERTS SINTO CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 72.) Defendant moves for judgment in its favor on both counts in Plaintiff's First Amended Complaint. Upon review, the Motion will be **GRANTED IN PART AND DENIED IN PART**.

### I.  Background

On October 1, 2018, Plaintiff's right hand was severed while operating a Negative Mud Mixer, which is part of a Paste Mixing System, at NorthStar Battery Company ("NorthStar") in Springfield, Missouri, where he was employed.  The Paste Mixing System was designed and manufactured by Defendant and was installed by Defendant in 2008.  Plaintiff filed this civil action alleging that, as a result of Defendant's defective product, he has suffered personal injuries, including the amputation of his right hand, and financial losses.  Plaintiff's First Amended Complaint raises claims against Defendant for strict product liability in Count I and negligence in Count II.  (Doc. 14.)

### II.  Legal Standard

A party is entitled to summary judgment when the evidentiary record shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.

Fed R. Civ. P. 56(a); *Heacker v. Safeco Ins. Co. of Am.*, 676 F.3d 724, 726-27 (8th Cir. 2012). When a party moves for summary judgment, the court's role is to determine whether the evidentiary record contains genuine issues of material fact. *Connolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006). The court makes this determination by viewing the facts and drawing all reasonable inferences in favor of the nonmoving party. *Heacker*, 676 F.3d at 726-27. However, a party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to a jury without any significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). When the movant has carried its burden under Rule 56(c), the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### III. Discussion[1]

#### a. Strict Product Liability

In Count I, Plaintiff seeks damages for strict product liability pursuant to Section 537.760 of the Missouri Revised Statutes. Plaintiff claims Defendant's Paste Mixing System was "unreasonably dangerous and defective in design and manufacture" in several respects, including allegations that the design of the Paste Mixing System was defective and that it lacked adequate warnings. (Doc. 14 at 4-5.) The parties agree that Defendant designed and manufactured the Paste Mixing System and all component parts, including the Negative Mud Mixer, then installed the Paste Mixing System at issue at NorthStar's Springfield, Missouri facility in 2008. It is also undisputed that Pat Patton, an employee of Defendant, was present for the actual mechanical

---

[1] The Court has considered the parties' statements of material facts and drawn all inferences in favor of the non-movant. *Heacker v. Safeco Ins. Co. of Am.*, 676 F.3d 724, 726 (8th Cir. 2012).

2

installation of the Paste Mixing System at issue in 2008. as follows, summary judgment will be denied as to Count I for strict product liability.

1. **Strict Product Liability – Defective Design**

The elements of a strict product liability claim based on defective design under Section 537.760 are:

> (1) The defendant, wherever situated in the chain of commerce, transferred a product in the course of his business; and
> (2) The product was used in a manner reasonably anticipated; and
> (3)(a) The product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold.

MO. REV. STAT. § 537.760 (2021). The plaintiff has the burden of showing "the product was defective or dangerous at the time of sale." *Farkas v. Addition Mfg. Techs.*, LLC, 952 F.3d 944, 947 (8th Cir. 2020) (*quoting Johnson v. Auto Handling Corp.*, 523 S.W.3d 452, 466 (Mo. 2017)).

Defendant argues that Plaintiff cannot prove the Negative Mud Mixer was unreasonably dangerous at the time it left the control of Defendant in March 2008. In support, Defendant sets forth facts indicating that the Negative Mud Mixer "was designed with a guard on the discharge door with bolt holes and bolts to secure the guard," that Pat Patton, who was present for the installation in 2008 "had no doubt that the subject guard was secure when he left the site in November 2008," and that Plaintiff's engineering expert agreed that if the guard on the discharge door was bolted securely, the Negative Mud Mixer would not be unreasonably dangerous. According to Defendant, these facts show the Negative Mud Mixer was designed with a bolted discharge door to prevent users from reaching into it, then installed with said bolts in place, and as a result Plaintiff cannot establish the element that the Negative Mud Mixer was in a defective condition making it unreasonably dangerous at the time it left Defendant's control.

3

While the Court appreciates the simplicity of Defendant's argument, it does not agree that summary judgment is warranted. Regardless of whether the bolts were in place or not at the time of installation, Defendant's position essentially ignores the specific language in Section 537.760 that assigns liability if the product "was then in a defective condition unreasonably dangerous *when put to a reasonably anticipated use*." Plaintiff has set forth additional relevant facts supporting his argument that access to the discharge door was necessary to regularly clean the Negative Mud Mixer. Further, the discharge door was designed with a handle, hinge, and a kill switch, which shut down the rotating blades when the door was opened. These facts indicate that the Negative Mud Mixer was designed with the expectation that the bolts would be removed to allow the discharge door to be opened. Although Defendant argues in its Reply that the bolts were only to be removed "when service is required," Plaintiff's position as to what constitutes reasonably anticipated use is also plausible. Thus, upon viewing these facts and the inferences to be drawn from them in a light most favorable to Plaintiff, there is a genuine issue as to whether the Negative Mud Mixer was being put to a reasonably anticipated use by Plaintiff at the time of his injury. It follows that a jury could find the Negative Mud Mixer, as designed, was unreasonably dangerous because the discharge door needed to be accessed regularly to be cleaned during normal operation, and that removal of the bolts to do so was a reasonably anticipated action. The Court also does not agree that removal of the bolts to allow the discharge door to be opened was a "modification" making a safe product unsafe, as the handle, hinges, and kill switch indicate that removal of the bolts to open the door was expected.

Therefore, as to Plaintiff's strict product liability claim based on defective design, summary judgment will be denied.

### 2. Strict Product Liability – Failure to Warn

Under Section 537.760, the elements of a strict product liability claim based on failure to warn are:

> (1) The defendant, wherever situated in the chain of commerce, transferred a product in the course of his business; and
> (2) The product was used in a manner reasonably anticipated; and
> (3)(b) The product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was damaged as a direct result of the product being sold without an adequate warning.

MO. REV. STAT. § 537.760 (2021). As the moving party, Defendant must initially establish the non-existence of any genuine issue of material fact. *City of Mt. Pleasant, Iowa v. Associated Elec. Coop.*, 838 F.2d 268 (8th Cir. 1988.)

Defendant argues the claim for strict product liability premised on failure to warn fails "because his own expert admitted that, more likely than not, the subject mixer contained a warning at the time it was manufactured/installed." (Doc. 73 at 15.) However, this circumstantial evidence is refuted by circumstantial evidence presented by Plaintiff. (Doc. 77 at 15.)

Accordingly, there remains a genuine dispute as to material facts, and summary judgment as to Plaintiff's strict product liability claim based on failure to warn is not appropriate at this time.

### b. Negligence

In Count II, Plaintiff seeks damages for negligence, stating Defendant "owed a duty of care to [Plaintiff] to manufacture, design, produce, sell, supply, advertise, market, install and/or distribute a reasonable safe product." (Doc. 14 at 5.) Plaintiff claims Defendant "breached this duty and was negligent in its failure to equip the Paste Mixing System, specifically the Negative Mud Mixer, with adequate guarding to prevent from contact with motion hazards during the

5

normal and foreseeable use of the machine." *Id*. at 6. Plaintiff then alleges several design defects and failures to warn on the part of Defendant. *Id*. at 6-7.

Defendant argues it had no duty to protect or warn against an open and obvious danger. (Doc. 73 at 16-18.) In support, Defendant has presented uncontroverted material fact #12, that "Plaintiff knew he was not to reach inside the mixing bowl because of the potential hazard of the mixing blades continuing to rotate." *Id*. at 5. Plaintiff denies this fact as irrelevant, stating evidence regarding comparative fault "is not relevant for summary judgment purposes." (Doc. 77 at 12.) However, Plaintiff presents nothing to dispute this fact, which is considered undisputed for purposes of the motion, nor does Plaintiff present any further argument as to Count II. As follows, summary judgment will be granted in Defendant's favor on Count II.

### 1. Negligence – Defective Design

"For products liability to be founded in negligence, the plaintiff must prove the existence of a duty, the defendant's breach thereof, and proximately caused damages." *Farkas*, 952 F.3d at 949 (*quoting Morrison v. Kubota Tractor Corp.*, 891 S.W.2d 422, 425 (Mo. Ct. App. 1994)). Where negligence is based on a design defect, a manufacturer "may be held liable if the defect or danger is latent or concealed, but where the danger is open, obvious and apparent, or the user has actual knowledge of the defect or danger, there is no liability on the manufacturer." *Id*. (*quoting Stevens v. Durbin-Durco, Inc.*, 377 S.W.2d 343, 347 (Mo. 1964)).

Here, Plaintiff offers no evidence that the alleged defect was latent or concealed. Rather, the uncontroverted facts show that the danger posed by the rotating mixing blades in the mixing bowl was open, obvious, and apparent, that Plaintiff was aware of this danger, and that he placed his hand into the mixing bowl. Accordingly, there is no genuine dispute that Defendant had no

6

duty to protect Plaintiff under Missouri law. As a result, Defendant is entitled to summary judgment as to the claim of negligence based on defective design.

### 2. Negligence – Failure to Warn

As with negligence claims based on design defects, for negligence claims based on failure to warn, there is also "no duty to warn a person on the premises of dangers which are known, or are as well known to such person as to the owner or occupant, or which are obvious, or should have been observed by such person in the exercise of ordinary care." *McIntyre v. Everest & Jennings, Inc.*, 575 F.2d 155, 159 (8th Cir. 1978) (*quoting Coleman v. Buehner*, 444 S.W. 2d 16, 22 (Mo. App. 1969)). Here again, it is uncontroverted that Plaintiff was fully aware of the open and obvious danger presented by the rotating blades of the mixing bowl. Consequently, there is no genuine dispute that Defendant had no duty to warn Plaintiff under Missouri law. Therefore, the claim for negligence premised on failure to warn also fails as a matter of law.

### IV. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**. Judgment is entered in favor of Defendant on Count II of Plaintiff's First Amended Complaint.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: April 7, 2022