IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| ANDREW MARTINEZ, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 21-03009-CV-S-DPR |
| ROBERTS SINTO CORPORATION, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's *Daubert* Motion to Exclude the Expert Testimony of Jeffrey Polster. (Doc. 85.) Pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993), Plaintiff moves to exclude the opinion testimony of Defendant's expert witness Jeffrey Polster. Mr. Polster is a mechanical engineer retained by Defendant to evaluate the industrial mixing machine (the "Mixer") incident that resulted in the injury at issue, specifically to render professional opinions regarding the Mixer and the incident. Defendant has filed Suggestions in Opposition to the motion. (Doc. 89.) Upon review, the motion will be denied.

Plaintiff first argues that Mr. Polster is not qualified to provide expert opinion testimony in this matter. Under Rule 702, an expert witness must be qualified by "knowledge, skill, experience, training, or education." In support, Plaintiff claims Mr. Polster has "little to no knowledge, skill, experience, or education regarding the design of machinery and warnings for an end user/consumer in general" and "no knowledge, skill, experience, or education regarding the design of, or warnings for, lead paste mixing machines, such as the Mixer involved in this case." (Doc. 86 at 11.) Contrary to Plaintiff's assertions, however, the Court finds that Mr. Polster is sufficiently qualified

to testify as a mechanical engineering expert in this matter, as set forth in Defendant's response. (Doc. 89 at 2-4.)

Next, Plaintiff argues that all nine conclusions set forth by Mr. Polster in his Equipment Evaluation report (doc. 86-9 at 4-5) "are unsupported and will not be helpful to a jury beyond lay opinion." (Doc. 86 at 12.) The Court disagrees with this contention, as Mr. Polster's report indicates that he examined and photographed the Mixer and thoroughly reviewed deposition transcripts, documents, and regulations and standards. (Doc. 86-9 at 6-7.) Mr. Polster's report then points to the portions of these materials on which he relied, and thus provide a sufficient factual basis for his conclusions. *Id*. at 11-12. Notably, "[w]hen facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts." Fed. R. Evid. 702 advisory committee's note (2000). And, as stated in *Daubert*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Also, Rule 704(a) provides that "an opinion is not objectionable just because it embraces an ultimate issue." Accordingly, the Court does not find Mr. Polster's opinions to be unreliable.

Based on the foregoing, Plaintiff's *Daubert* Motion to Exclude the Expert Testimony of Jeffrey Polster is **DENIED**.

    **IT IS SO ORDERED.**

    /s/ *David P. Rush*
    DAVID P. RUSH
    UNITED STATES MAGISTRATE JUDGE

DATE: May 4, 2022