IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| ANDREW MARTINEZ, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 21-03009-CV-S-DPR |
| ROBERTS SINTO CORPORATION, | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Plaintiff's Omnibus Motion in Limine to Preclude Evidence/Testimony at Trial. (Doc. 93.) Defendant filed Suggestions in Opposition. (Doc. 105.) The Court addresses the relief requested by Plaintiff in order as follows:

**1. Motion to preclude evidence, testimony, and/or reference to collateral source payments at trial, including insurance coverage and/or payment of workers' compensation benefits**

Plaintiff moves to preclude any evidence or testimony at trial of collateral sources of benefits received by, or to be received by, him, including, but not limited to the existence of insurance coverage, workers' compensation insurance, the payment of any workers' compensation benefits, or the existence of a workers' compensation lien. Plaintiff argues such evidence would unfairly prejudice him under Rule 403. Defendant responds that it may inquire as to collateral sources of compensation because Plaintiff has introduced the matter. Specifically, Defendant contends that "there is a claim that Plaintiff has failed to procure a prosthetic due to his inability to afford the same." (Doc. 105 at 6.) Defendant also asserts that Plaintiff's expert psychiatrist, Dr. Adam Sky, prepared a report noting review of two documents related to Plaintiff's workers' compensation claim and then specifically referred to Plaintiff's workers' compensation on direct

examination by Plaintiff's counsel during a deposition. *Id*.

The collateral source rule states that "a plaintiff's collateral sources of compensation cannot be inquired into as part of a defendant's case, because of the danger that the jury may be inclined to find no liability, or to reduce a damage award, when it learns that plaintiff's loss is entirely or partially covered." *Moses v. Union Pacific R.R.*, 64 F.3d 413, 416 (8th Cir. 1995). "An exception to the general rule of inadmissibility of collateral source payment is where a plaintiff voluntarily injects his financial condition into the lawsuit." *Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 545 (Mo. App. 2008). For instance, "if a plaintiff asserts that he does not have coverage, then the defense may show that he does." *Moses*, 64 F.3d at 416. Also, "if a plaintiff is claiming emotional injury on account of financial stress following an accident, then defendant may inquire into collateral sources since these, if there are any, would tend to reduce the plaintiff's stress." *Id*.

Here, the Court finds the collateral source rule applies and, contrary to Defendant's argument, no exceptions to the rule are present at this time. Plaintiff has not asserted that he does not have insurance coverage or workers' compensation benefits, nor is he claiming emotional injury due to financial stress. And, at this point, no evidence as to any collateral source has been presented *to the jury*. Accordingly, Plaintiff's Motion 1 is **GRANTED**. Defendant is precluded from presenting any evidence or testimony at trial of collateral sources of benefits received by, or to be received by, Plaintiff, including, but not limited to the existence of insurance coverage, workers' compensation insurance, the payment of any workers' compensation benefits, or the existence of a workers' compensation lien.

2. **Motion to preclude any testimony, evidence, or reference to employer liability or employer fault at trial**

   Plaintiff moves to preclude any evidence or testimony at trial of employer fault as irrelevant

under Rule 402, or as presenting a danger of unfair prejudice, confusion of the issues, or misleading the jury under Rule 403, arguing any limited probative value is substantially outweighed by the risk of prejudice. As this is a strict product liability action, Defendant responds correctly that it should be allowed to present evidence as to the proximate cause of Plaintiff's injury, specifically as to whether any third person, which includes Plaintiff's employer, made alterations to the product that created a defect. Defendant may also present evidence specifically related to Plaintiff's training or lack thereof, which would go to the issue of whether the product was being used in a manner reasonably anticipated at the time of the incident. Therefore, Plaintiff's Motion 2 is **DENIED** to the extent discussed herein.

3. **Motion to preclude NorthStar's Incident Investigation Report at trial**

Plaintiff moves to exclude NorthStar's Incident Investigation Report, prepared after the incident by NorthStar's environmental health and safety manager, April Brennan, arguing it is unreliable hearsay under Rules 701 and 802 and that it is not a business record under Rule 803. The Court agrees with Plaintiff, finding no exception to the rule against hearsay. Therefore, Plaintiff's Motion 3 is **GRANTED,** and the Incident Investigation Report is excluded.

4. **Motion to preclude any evidence, testimony, or references to OSHA standards or OSHA violations/citations at trial.**

Plaintiff moves to exclude any evidence of OSHA regulations and OSHA citations issued to NorthStar following OSHA's investigation of the incident. Plaintiff claims such evidence should be precluded as irrelevant under Rule 402 and as presenting a danger of unfair prejudice, confusion of the issues, or misleading the jury under Rule 403.

In its response, Defendant argues that the OSHA Report and citation issued to NorthStar tend to show that NorthStar's failure to properly safeguard the machine resulted in [Plaintiff's] injury." However, this appears to be an effort to "inject[] a false issue of fact into the proceedings,

3

Case 6:21-cv-03009-DPR   Document 114   Filed 05/19/22   Page 3 of 5

i.e., who should guard, as opposed to could [Defendant] guard." *Murphy v. L & J Press Corp.*, 558 F.2d 407, 412 (8th Cir. 1977). Accordingly, Plaintiff's Motion 4 is **GRANTED,** and any evidence of OSHA regulations and OSHA citations issued to NorthStar is precluded.

5. **Motion to preclude any reference that Mr. Martinez was a "recovering alcoholic" or that he may have been intoxicated or under the influence of drugs before or at the time of the incident**

    Plaintiff's Motion 5 is **GRANTED** as unopposed.

6. **Motion to preclude Jeffrey Polster's net opinion/conclusion that the easy access door was bolted shut at the time of installation at trial**

7. **Motion to preclude Jeffrey Polster's net opinions/conclusion that a warning sign and/or warning sticker was placed on the easy access cover when the negative mud mixer was installed**

8. **Motion to preclude Jeffrey Polster's net opinion/conclusions that cleaning the discharge door area of excess mud between batches was a maintenance function rather than normal operation of the negative mud mixer at trial**

    Plaintiff moves to exclude these opinions and/or conclusions of Defendant's liability expert Jeffrey Polster, as provided in his report and deposition testimony. However, there is factual support in the record for the opinions and/or conclusions of Mr. Polster that Plaintiff seeks to exclude. As this Court has advised previously, "[w]hen facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts." Fed. R. Evid. 702 advisory committee's note (2000). To that end, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993). Accordingly, Plaintiff's Motions 6, 7, and 8 are **DENIED**.

9. **Motion to preclude any legal conclusions by Jeffrey Polster at trial**

    Plaintiff moves to preclude Mr. Polster's Conclusion 8, that "NorthStar contributed to the cause of the injury" as an impermissible legal conclusion. On the same basis, Plaintiff also moves

to exclude Mr. Polster's Conclusion 9, that

> disabling the guard and working at the point of operation with the machine energized constituted misuse by NorthStar which was not reasonably foreseeable by [Defendant] as it was a direct contravention of federal regulations established and enforced by OSHA, and it contradicted the safety warnings and instructions provided by the manufacturer.

Rule 704(a) provides that "an opinion is not objectionable just because it embraces an ultimate issue." However, "expert testimony on legal matters is not admissible." *S. Pine Helicopters, Inc. v. Phx. Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). Also, expert witnesses "may not state legal standards or draw legal conclusions by applying law to the facts." *Cowden v. BNSF Ry. Co.*, 980 F.Supp.2d 1106, 1118 (E.D. Mo. 2013).

Additionally, as set forth above, the Court has strictly limited evidence as to NorthStar's liability or fault and excluded evidence of OSHA standards and violations. Accordingly, Motion 9 is **GRANTED IN PART**. Mr. Polster may not testify as to the cause of the injury as set forth in his Conclusions 8 and 9, apart from opining as to whether NorthStar made alterations to the product that created a defect and as to the training on the use of the product received by Plaintiff and Plaintiff only, nor may he testify as to any OSHA standards or violations.

10. **Motion to preclude any testimony, evidence, or reference to undisclosed expert opinions at trial**

    Plaintiff's Motion 10 is **GRANTED** as unopposed.

11. **Motion to preclude any further argument or references to billing practices of expert witnesses at trial**

    Plaintiff's Motion 11 is **GRANTED** as unopposed.

    **IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: May 19, 2022