IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDREW MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-03009-CV-S-DPR |
| | ) | |
| ROBERTS SINTO CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Before the Court is Defendant's Supplemental Suggestions in Opposition of Plaintiff's Motion in Limine. (Doc. 178.) Previously, Plaintiff filed a Motion in Limine, moving to preclude Defendant from presenting any evidence or testimony related to several matters, including evidence or testimony related to "(c)ollateral sources of benefits received by, or to be received by, Plaintiff, including but not limited to the existence of insurance coverage, workers' compensation insurance, the payment of any workers' compensation benefits, or the existence of a workers' compensation lien." (Doc. 93.) As to this category, the Court granted Plaintiff's Motion in Limine and entered the following Order:

> Defendant is precluded from presenting any evidence or testimony at trial of collateral sources of benefits received by, or to be received by, Plaintiff, including, but not limited to the existence of insurance coverage, workers' compensation insurance, the payment of any workers' compensation benefits, or the existence of a workers' compensation lien.

(Doc. 114.)

Defendant now asks the Court to reconsider this ruling, in light of new evidence pertinent to Plaintiff's workers' compensation claim uncovered after conducting additional discovery. (Doc. 178 at 1.) Upon review, the Court reconsiders its previous ruling as follows:

The collateral source rule states that "a plaintiff's collateral sources of compensation cannot be inquired into as part of a defendant's case, because of the danger that the jury may be inclined to find no liability, or to reduce a damage award, when it learns that plaintiff's loss is entirely or partially covered." *Moses v. Union Pacific R.R.*, 64 F.3d 413, 416 (8th Cir. 1995). "An exception to the general rule of inadmissibility of collateral source payment is where a plaintiff voluntarily injects his financial condition into the lawsuit." *Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 545 (Mo. App. 2008). For instance, "if a plaintiff asserts that he does not have coverage, then the defense may show that he does." *Moses*, 64 F.3d at 416. Also, "if a plaintiff is claiming emotional injury on account of financial stress following an accident, then defendant may inquire into collateral sources since these, if there are any, would tend to reduce the plaintiff's stress." *Id*.

In the Supplemental Suggestions, Defendant argues that it should be allowed to inquire as to collateral sources of compensation because Plaintiff has introduced the matter. Specifically, Defendant asserts that "Plaintiff's testimony makes it clear that he suffered emotional distress, depression and an emotional injury by being denied a myoelectric prosthesis" by his workers' compensation carrier. (Doc. 178 at 4.) Defendant also states that "Plaintiff testified that he did not trust the providers associated with his workers' compensation claim, which included Dr. Sky." *Id*. at 6. Defendant posits that because Plaintiff was not completely forthright with Dr. Sky, whom Plaintiff intends to call to testify at trial, Dr. Sky's opinion was based on incomplete information and may be unreliable. *Id*. at 7. Defendant argues it should be allowed to point out these potential issues with Plaintiff's evidence via cross-examination. *Id*. at 8.

As to the exceptions discussed above, the Court finds the collateral source rule does not apply. There is evidence that Plaintiff has claimed emotional injury due financial stress,

specifically because his workers' compensation claim was twice denied. There is also evidence that Plaintiff did not trust his expert, Dr. Sky, because Dr. Sky was involved in his workers' compensation claims and as a result Plaintiff provided incomplete information to Dr. Sky. Accordingly, upon reconsideration, Plaintiff's Motion 1 is **DENIED**. Regarding the aforementioned issues, Defendant may present evidence and testimony at trial of workers' compensation insurance, the payment of any workers' compensation benefits, or the existence of a workers' compensation lien.

    **IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: December 18, 2023